**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| PETER MORJAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 12 CV 185 |
| v. | ) | |
| | ) | Judge LEFKOW |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FEE PETITION FOR SUCCESSFULLY DEFENDING APPEAL**

Plaintiff, PETER MORJAL, by and through his attorneys, the Hamilton Law Office, LLC, respectfully request fees and costs pursuant to 42 U.S.C. §1988 for successfully defending the City's appeal of this Court's modest supplemental fee award in this case. In support of his petition, Plaintiff states as follows:

**PROCEDURAL HISTORY**

*Morjal's Section 1983 lawsuit*

Morjal filed his civil rights suit against the City of Chicago and four Chicago police officers alleging both federal and state law claims. The lawsuit is the result of a traffic altercation between Morjal and one of the officers on January 10, 2011. That officer was off-duty, and he pointed a gun at Morjal and threatened to shoot him because he believed Morjal cut him off in traffic. Morjal called 9-1-1. Morjal's complaint alleged that three on-duty Chicago police officers who responded to the 9-1-1 calls falsely arrested him instead of their fellow officer, and covered up the off-duty officer's misconduct by causing Morjal to be prosecuted for a crime (aggravated assault) that he did not commit. The Cook County State's Attorney's Office later dismissed the criminal case against Morjal before trial.

*The Rule 68 Offer of Judgment*

After five months of active litigation on the merits of the case, on May 1, 2012, the City served Morjal with a Rule 68 Offer of Judgment, which read in part: "Defendants offer to allow judgment to be taken against them collectively and in favor of Plaintiff, Peter Morjal, in the total amount of TEN THOUSAND AND ONE DOLLARS AND 0/100 ($10,001.00), plus reasonable attorney's fees and costs accrued to date in an amount to be determined by the Court." Morjal filed his acceptance of the City's offer of judgment on May 8, 2012. This Court entered judgment in favor of Morjal for $10,001.00 on June 8, 2012.

*Morjal's Fee Petition and the Ensuing Litigation*

On September 6, 2012, after attempts to resolve attorneys' fees failed, Morjal filed a fee petition pursuant to 42 U.S.C. §1988. After reducing his fees based on the City's objections, Morjal ultimately requested $22,190.50 in legal fees for 86 hours of work performed prior to the acceptance of Defendants' offer of judgment. Plaintiff's lead counsel originally requested an hourly rate of $400 per hour, having been previously awarded $395 in 2012 by Judge Castillo. A few months after Plaintiff's original fee petition in this case was filed, however, Plaintiff's lead counsel was awarded $425 an hour by Judge Kendall. Thus, Plaintiff supplemented his original fee petition with his lead counsel's new hourly rate calculated at $425 per hour.

The City contested Morjal's request for fees, arguing that Morjal's billing was unreasonable and objecting to nearly every single billing entry. The City also disputed the requested hourly rate for Morjal's lead attorney, arguing that her rate should be $325 an hour, despite the fact that other courts in this district had previously awarded her $395 and $425. The City argued that Morjal's attorneys were only entitled to be compensated for 41.6 hours of work for a total of $8,555.55 in fees.

On May 29, 2013, this Court entered an order awarding Morjal $17,205.50 in attorneys' fees. The Court reduced some of Morjal's requested hours, but overruled most of the City's objections and awarded Plaintiff's counsel 70.1 of the 86.5 hours – or 82% – of the hours requested. The Court awarded Morjal's lead attorney an hourly rate of $400, noting that Morjal had submitted "extensive evidence to support" the requested rate. In its opinion, this Court did not reference Plaintiff's supplemental evidence justifying Plaintiff's lead counsel's hourly rate of $425 an hour.

This Court allowed Morjal to recover fees for many tasks the City had argued should be disallowed altogether. This Court rejected the City's characterization that certain tasks were administrative, such as communicating with Morjal and his criminal defense counsel, obtaining documents from the City's Independent Police Review Authority, preparing service documents, and ensuring compliance with the Local Rules. This Court rejected the City's contention that drafting a demand letter was unnecessary to the litigation, stating that Morjal was justified in providing a dollar amount and support for that amount, especially since the evidence showed the City had actually requested the letter. The Court allowed Morjal to recover fees for research on the four officers' prior lawsuits. The Court also permitted the recovery of fees for email entries the City had complained were vague.

This Court rejected the City's objections about alleged excessive billing for drafting discovery and reviewing documents, and found that "defendants' requests for reductions are arbitrary, with no objective standard provided." This Court similarly rejected the City's argument, which the Court found was unsupported, that the time billed for settlement conversations between Morjal's attorney and a City attorney was excessive. This Court further rejected the City's position that Morjal's billing entries were duplicative. This Court also declined to reduce the time Morjal's attorneys expended for intra-office meetings.

*Morjal's Motion for Additional Attorneys' Fees*

Because his attorneys were forced to expend a great deal of time and energy rebutting Defendants' frivolous objections to his fees, on June 28, 2013, Plaintiff filed a supplemental fee petition for fees on fees. Morjal sought $16,773.00 for fees incurred litigating the fee petition for nearly a year. The City refused to discuss settlement of the supplemental fee petition at any amount and argued that Plaintiff's attorneys were not entitled to recover any fees at all for their work in securing this fee award. The City argued that Morjal had accepted an offer of judgment that cut off attorneys' fees and thus, was not entitled to any additional fees. In reply, Morjal argued further that not awarding fees for litigating the fee petition would allow the City to thwart the stated purposes of 42 U.S.C. § 1988 by taking a "scorched earth" approach to litigating fee petitions.

On January 23, 2014, This Court awarded Morjal $2,000.00 in additional attorneys' fees. In ruling on Morjal's motion, this Court acknowledged the policy tensions between the attorneys' fees available to prevailing civil rights litigants pursuant to 42 U.S.C. §1988 and the aims of Federal Rule of Civil Procedure 68 Offers of Judgment. This Court expressed concerns, in agreement with other courts in this district, about the potential for defendants to unreasonably litigate a fee petition after an accepted offer of judgment, and refuse to pay for the litigation necessary for plaintiffs to establish their right to fees. This Court's opinion then noted that "[t]he fees were hotly contested in this case, and the court finds in some instances the defendants were overly aggressive in challenging Morjal's fees." This Court awarded Morjal $2,000.00 in additional attorneys' fees for "time spent responding to challenges to the fees that were *unsupported and improper*." (emphasis added). This $2000.00 fee award has still not been paid.

*The Appeal*

The City then appealed this Court's $2000.00 supplemental fee award.

On December 19, 2014, the Seventh Circuit affirmed this Court's decision to award

Plaintiff's counsel $2,000.00 in additional attorneys' fees for litigating the original fee petition, and entered final judgment in favor of Plaintiff and awarding costs for the appeal to Plaintiff. The parties have again been unable to reach a settlement. Thus, Plaintiff now petitions this Court for attorneys' fees for work performed defending the City's appeal of the $2000 fee award.

## ARGUMENT

The Civil Rights Attorneys' Fees Act of 1976 provides in relevant part: "In any action or proceeding to enforce a provision of Section…1983…of this title…the court, in its discretion, may allow the prevailing party…a reasonable attorneys' fee as part of the costs." 42 U.S.C. § 1988. "A civil rights plaintiff is entitled to fees for successfully defending in the court of appeals a favorable judgment (or fee award) obtained in the district court." *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) (citing *Bond v. Stanton*, 630 F.2d 1231, 1234 (7th Cir. 1980)). "It is settled law in this circuit that the Fees Act entitles a prevailing plaintiff on appeal to compensation for appellate work." *Bond*, 630 F.2d at 1234 (internal citations omitted). The law asks this Court to determine two issues: (1) whether Plaintiff is a prevailing party for purposes of §1988; and (2) whether the attorneys' fees requested are reasonable. Plaintiff maintains that both of these issues should be decided in his favor.

## I. PLAINTIFF WAS THE PREVAILING PARTY ON APPEAL.

Plaintiff is undoubtedly the prevailing party in this matter pursuant to §1988. First, Defendants' objections to this fee petition outlined in the Local Rule 54.3(e) joint statement filed on March 12, 2015 only address Plaintiff's counsels' rates and the time they expended working on the appeal of this case. Defendants therefore concede Plaintiff's prevailing party status and should be estopped from making any argument that Plaintiff is *not* the prevailing party in litigating this fee petition.

## II. PLAINTIFF'S APPELLATE ATTORNEYS' FEES ARE REASONABLE.

As the prevailing party on appeal, Plaintiff is entitled to compensation for the reasonable

fees and costs accrued by his attorneys in defending this Court's award of post-judgment fees. The starting point for any fee calculation is the lodestar figure, which a court calculates by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee yielded by the lodestar method is strongly presumed be a reasonable one. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The reasonable hourly rate used in calculating the lodestar must be based on the market rate for an attorney's work. The determination of the market rate should be based upon that of lawyers with similar ability and experience in the community. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 519 (7th Cir.1993). Here, Plaintiff's lodestar is reasonable.

## A. The time expended defending the City's appeal of this Court's $2000 fee award was reasonable.

An examination of Plaintiff's counsels' billing sheets and the appellate docket in this matter will reveal that the tasks performed were necessary to the results achieved and the amount of time spent on those tasks was reasonable, with most tasks being billed at the lowest increment possible: a tenth of an hour. In addition, Defendants, not Plaintiff, took this appeal, and caused Plaintiff to accumulate fees defending this Court's modest award of $2,000.00. Plaintiff "had no choice but to incur [fees] or forfeit [his] victory in the district court," and he deserves to be reimbursed for the fees his counsel incurred. *Johnson v. City of Harvey*, No. 95 C 7687, 2000 WL 1281244, at *1 (N.D. Ill. Sept. 7, 2000) (Coar, J.) (quoting *Ustrak*, 851 F.2d at 990).

Appellate work is time-consuming, and Plaintiff's appellate lawyers are entitled to be compensated for the work necessary to defeat the City's appeal. The moderate nature of the award the City appealed had no bearing on the amount of work necessary to defend that award. When contacted by the Seventh Circuit mediation division, Plaintiff indicated he would be willing to participate in mediation, but the City refused to participate. Active appellate litigation then took place on this case for another eight months. During this time, Plaintiff's counsel performed

6

extensive legal research, as the appeal raised an issue of first impression in the Seventh Circuit (whether the City could use Rule 68 to cut off fees where the offer is accepted as opposed to rejected). Plaintiff's counsel drafted and filed a 31-page brief addressing three different bases for upholding this Court's decision. The drafting of this response brief required careful review of authority cited in Defendants' brief, as well as case law and legislative history regarding Rule 68, §1988, and common law contract principles. After the parties fully briefed this appeal, Plaintiff's counsel prepared for and participated in oral argument before the Seventh Circuit on October 3, 2014. At oral argument, the Seventh Circuit inquired as to whether this Court's $2,000.00 award was actually a sanction, not attorneys' fees. Immediately after oral argument, Defendants submitted additional authority letter for the proposition that this Court did not have the discretion to impose a sanction without providing notice first. Plaintiff's counsel then conducted legal research on this issue and drafted and submitted their own legal authority letter regarding the sanctions issue in response to the City's letter. Subsequently, the Seventh Circuit upheld this Court's decision. Both the tasks completed by Plaintiff's counsel on appeal, and the amount of time spent at each task, were reasonable and necessary to Plaintiff's defense of the favorable judgment he obtained in the Seventh Circuit.

### B. Plaintiff's counsels' rates are reasonable and supported.

The purpose and intent of §1988 is to attract talented lawyers to prosecute civil rights violations. By promising to award the prevailing hourly rates, lawyers who could otherwise command high billing rates in commercial pursuits are encouraged to represent clients such as Plaintiff. *See Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993) ("In order for such a policy [vindicating civil rights through private action] to be effective, Congress felt it appropriate to shift the true full cost of enforcement to the guilty parties to eliminate any obstacle to enforcement."), citing S. Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5913

7

("It is intended that the amount of fees awarded under [§1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.").

It is axiomatic that the appropriate hourly rate for an award of fees is "'the rate that lawyers of similar ability and experience in their communities normally charge their paying clients for the type of work in question.'" *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)). Further, an attorney's "actual billing rate for comparable work is presumptively appropriate for use as a market rate." *Jeffboat, LLC v. Director, Off. of Workers' Comp. Progs.*, 553 F.3d 487, 490 (7th Cir. 2009). For attorneys who derive a substantial proportion of their income from contingency fees, the court considers rates charged by other attorneys of similar skill, experience, and credentials as well as other courts' awards of fees. P*ickett v. Sheridan Health Care Center*, 07 C 1722, 2011 WL 1219294, at *4 (N.D. Ill. March 27, 2011) (citing *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909–10 (7th Cir. 2007); *People Who Care v. Rockford Bd. Of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1311–13 (7th Cir. 1996)). In addition, a "previous attorneys' fee award is useful for establishing a reasonable market rate for similar work whether it is disputed or not." *See Jeffboat,* 553 F.3d at 491.

Nearly nine years ago now, in the case of *Entertainment Software Ass'n v. Blagojevich*, 05 C 4265, 2006 WL 3694851 (N.D. Ill. Aug. 9, 2006), another court in this district approved hourly rates at the following levels for plaintiff's counsel:

> 1979 law graduate (27 years of practice): $585/hour
>
> 1996 law graduate (10 years of practice): $425/hour
>
> 2000 law graduate (6 years of practice): $340/hour

*Entertainment Software*, 2006 WL 3694851, at *2-3. In addition to the guidance provided in *Entertainment Software*, this Court can rely on the "Laffey Matrix." The United States Attorney's Office for the District of Columbia created the Laffey Matrix to provide an official guideline for

"reasonable" rates in fee-shifting cases. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 n.3 (6th Cir. 2000) (describing the Laffey Matrix as "an official statement of market-supported reasonable attorney fee rates."). According to the United States Attorney, "[t]he matrix is intended to be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees.'" This matrix provides the following guidelines:

| Experience | 2008-2009 | 2009-2010 | 2010-2011 | 2011-2012 |
|------------|-----------|-----------|-----------|-----------|
| 20+ years  | 465/hour  | 465/hour  | 475/hour  | 495/hour  |
| 11-19 years| 410/hour  | 410/hour  | 420/hour  | 435/hour  |
| Law Clerks | 130/hour  | 130/hour  | 135/hour  | 140/hour  |

The Laffey Matrix "is a concession by [the United States Attorney] of what it will deem reasonable when a fee-shifting statute applies and its opponent prevails and seeks attorney fees." *Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005). *See also Chanel, Inc. v. Doan*, C-0503464 VRW, 2007 WL 781976, *6 (N.D. Cal. March 13, 2007) (explaining the court's practice of relying on the Laffey Matrix as reliable official data to determine appropriate hourly rates); *Kormer v. Astrue*, 08–5181, 2009 WL 3152039, at *2 n.5 (D. Minn. Sept. 24, 2009); *White v. McKinley*, 05–0203–CV–W–NKL, 2009 WL 813372, at *7 (W.D. Mo. March 26, 2009).[1] Some district courts in this Circuit have favorably considered the Laffey Matrix. *See, e.g., Berg v. Culhane*, 9 C 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011); *Hadnott v. City of Chicago*, 07 C 6754, 2010 WL 1499473, at *6 (N.D. Ill.

---

[1] Courts outside of Washington D.C. typically adjust the Laffey Matrix for what is called the "locality pay differential." See *Chanel, Inc.*, 2007 WL 781976, at *6-*7 (adopting the Laffey Matrix rate, but adjusting it upward by 5% due to the locality pay differential between California and D.C.); *In re HPL Technologies, Inc. Securities Litig.*, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005) (adjusting the Laffey Matrix upward by 9% for the pay differential for San Francisco). The locality pay differential in Chicago is 19.70% versus 15.98% for the D.C. area, meriting a 4% increase over the Laffey figures. See data located on the United States' Office of Personnel Management webpage at http://www.opm.gov/oca/05tables/ indexGS.asp.; *Schultz v. City of Burbank,* No. 06 C 5646, 2007 WL 1099479, at *2 (N.D. Ill. Apr. 10, 2007) (adding 4% to the figure provided by the Laffey Matrix); *Berg v. Culhane*, 09 C 5803, 2011 WL 589631, at *3 (N.D. Ill., Feb. 10, 2011) (citing adjustments upward with approval).

April 12, 2010) (citing *In re Trans Union Corp. Privacy Litig.*, 00 C 4729, 2009 WL 4799954, at *19 (N.D. Ill. Dec. 9, 2009)); *Catalan v. RBC Mortgage Co.*, 05 C 6920, 2009 WL 2986122, at *6 (N.D. Ill. Sept. 16, 2009); *Decker v. Transworld Sys., Inc.*, 09 C 50073, 2009 WL 2916819, at *5 (N.D. Ill. Sept. 1, 2009); *Robinson v. City of Harvey*, 99 C 3696, 2008 WL 4534158, at *7 (N.D. Ill. Oct. 7, 2008); *Lopez v. City of Chicago*, 01 C 1823, 2007 WL 4162805, at *8 (N.D. Ill. Nov. 20, 2007); *Delgado v. Village of Rosemont*, 03 C 7050, 2006 WL 3147695, at *5 (N.D. Ill. Oct. 31, 2006); *Sadler v. Barnhart*, 02 C 6891, 2004 WL 419908, at *2-3 (N.D. Ill. Feb. 25, 2004); *see also Arch v. Glendale Nissan*, 03 C 7297, 2005 WL 1421140, at *1 (N.D. Ill. June 7, 2005); *Covington-McIntosh v. Mount Glenwood Mem. Gardens S., Inc.*, 00 C 0186, 2004 WL 2700482, at *4 (N.D. Ill. Feb. 12, 2004); *Embry v. Barnhart*, 02 C 3821, 2003 WL 22478769, at *2 (N.D. Ill. Oct. 31, 2003).

In this case, Plaintiff claims a lodestar of $57,615.00 for attorneys' fees, calculated as follows:

| Name | Experience | Rate | Number of Hours | Total |
|---|---|---|---|---|
| Torreya L. Hamilton | 20th year | $450 | 61.70 | $27,765.00 |
| Thomas P. Needham | 31st year | $525 | 29.00 | $15,225.00 |
| Kevin T. Turkcan | 2nd year | $225 | 62.70 | $14,107.50 |
| | | | **TOTAL FEES** | $57,097.50 |

1.  *Attorney Torreya L. Hamilton's hourly rate is reasonable.*

Ms. Hamilton was the lead attorney in this case, responsible for overseeing every aspect of appellate litigation on the Plaintiff's side. Attorney Hamilton seeks $450 per hour for her work on this case, which is commensurate with her skill and experience. Ms. Hamilton was most recently awarded $425 by courts in this District, but that was in 2012. The passage of time since the $425 award and Ms. Hamilton's increased skill and experience since then justify an increase in her hourly rate to $450 an hour. While this Court awarded her $400 an hour in her original fee petition, that rate was requested by Ms. Hamilton in 2012, prior to the increase of her rate to $425 later that same

10

year. For this Court to award Ms. Hamilton $400 an hour now, years later, this Court would be reducing her hourly rate from what it has been for several years. This is certainly not justified.

Ms. Hamilton is in her 20th year practicing law and has spent much of that time in courtrooms trying cases. She spent eight years as a prosecutor for the largest unified criminal court system in the country (Cook County), where she tried hundreds of criminal cases. Following that experience, she spent three years defending Chicago police officers in civil rights cases for the City of Chicago's Corporation Counsel's office. While at the City, Ms. Hamilton was responsible for defending a heavy caseload, which included several multi-million dollar exposure cases. Ms. Hamilton was promoted to Senior Counsel at the City of Chicago's Corporation Counsel's Office and then became responsible for supervising and training other City attorneys. During her time with the City of Chicago, Attorney Hamilton devised and implemented multiple training programs, including a week-long trial advocacy program in which she was responsible for the trial skills training of approximately sixty new attorneys. Since leaving the City of Chicago in 2006, Ms. Hamilton has built her own law practice, which concentrates on plaintiffs' civil rights work. In addition to hundreds of bench trials, Attorney Hamilton has either first or second-chaired 32 jury trials. On account of her significant trial experience, Ms. Hamilton is asked by other civil rights attorneys to assist them in trying cases, which she has done on multiple occasions in the past several years.

The hourly rate requested by Ms. Hamilton is $450. This is a $25 increase from the rate awarded to her in 2012. The history of rates awarded to Ms. Hamilton in this District are as follows: *Gibson v. City of Chicago, et al.,* 10 C 5310, Dkt. No. 84 (in 2012, ruling upon a contested fee petition, Judge Castillo awarded Attorney Hamilton $395 an hour, and specifically praised her billing practices in his written fee opinion as an example that other plaintiffs' attorneys should use as a model); *Nelson v. Salgado,* 09 CV 5357, Dkt. No. 143 (in 2012, Judge Bucklo awarded Attorney Hamilton an hourly rate of $395); *Richardson v. City of Chicago, et al.,* 08 CV 4824, Dkt. No. 412 (in November of 2012, in

11

ruling upon a contested fee petition, Judge Cole awarded Attorney Hamilton $425 an hour). In addition, in 2013, the City of Chicago suggested an hourly rate of $425 an hour for Ms. Hamilton in the parties' joint statement filed with the Court. *Morado v. City of Chicago, et al.*, 12 CV 752, Dkt. No. 245. In addition, Ms. Hamilton's experience litigating civil rights cases has been called "extensive" in a case in which Judge Kim used Ms. Hamilton's previous $425 hourly rate to set the hourly rate of other civil rights' attorneys. *Lebron v. Ali, et al.*, 12 CV 4454, Dkt. No. 55. Attorney Hamilton completed 61.7 hours of work defending the City's appeal before the Seventh Circuit. Plaintiff has submitted billing sheets for this work totaling $27,765.00 in attorneys' fees for Ms. Hamilton's work. *See Declarations and Billing Sheets of Attorney Hamilton*, attached as Exhibit A.

    *2. Attorney Thomas P. Needham's hourly rate is reasonable.*

    Attorney Thomas Needham's hourly rate is $525. This is a rate that is commensurate with his years of experience and legal ability. Mr. Needham is now in his 31st year practicing law. He has spent most of that time involved in trial and appellate litigation, both civil and criminal. Mr. Needham spent 12 years (1984-1996) as a prosecutor in the Cook County State's Attorney's Office where he tried hundreds of criminal cases. Most of these years were spent in the felony trial courtrooms located at 2600 S. California, trying the most serious and complicated cases. Mr. Needham also spent several years (1998-2001) as the general counsel and chief of staff to the Superintendent of the Chicago Police Department, which made him the in-house counsel for a 15,000-employee organization with a $2 billion annual budget. Since January 1, 2002, Mr. Needham has been in private practice handling both civil and criminal cases. In addition, Mr. Needham is active in the Chicago legal community, serving on the Loyola University School of Law Board of Governors, the Chicago Catholic Charities Legal Assistance board, and as a member of the Attorney Registration & Disciplinary Commission hearing board.

Mr. Needham has not had his hourly rate set by a court prior to this case. The reasonableness of his requested rate of $525 per hour can be confirmed by referring to the four declarations that he has submitted with this petition. These declarations are presented by persons with outstanding reputations in the legal profession who have personal knowledge of Mr. Needham's legal experience and skills. Attorney Needham completed 29.0 hours of work assisting Ms. Hamilton with the appeal of this case, and Plaintiff has submitted billing sheets for this work totaling $15,225.00 in attorneys' fees. *See Declarations and Billing Sheets of Attorney Needham*, attached as Exhibit B.

3. *Attorney Kevin T. Turkcan's hourly rate is reasonable.*

Attorney Kevin T. Turkcan's hourly rate is $225.00 per hour. Mr. Turkcan graduated from the University of Notre Dame *cum laude* in 2009 and from Loyola University Chicago School of Law *cum laude* in 2013. While in law school, Mr. Turkcan worked as a law clerk and paralegal for Ms. Hamilton and Mr. Needham, gaining experience in civil rights and criminal defense litigation. From 2012 through 2013, Mr. Turkcan was licensed under Illinois Supreme Court Rule 711 to represent clients of the Loyola University Community Law Center in court under the supervision of a licensed attorney. As a 711-licensed law student, Mr. Turkcan represented minors as a court-appointed Guardian *ad litem* in child guardianship matters.

Since Mr. Turkcan has become an attorney, he has focused almost exclusively on the prosecution of §1983 cases. To date, Mr. Turkcan has represented plaintiffs in 46 civil rights cases. In support of his hourly rate, Mr. Turkcan has attached affidavits from civil rights attorneys Jared S. Kosoglad and Tony Thedford, who attest to his abilities. Mr. Turkcan completed 62.7 hours of work on the appeal of this case. Attorney Turkcan has submitted billing sheets totaling $14,107.50 in attorneys' fees. *See Declaration and Billing Sheets of Attorney Turkcan*, attached as Exhibit C.

13

**CONCLUSION**

Plaintiff successfully defended this Court's order before the Seventh Circuit and is thus, the prevailing party on appeal. Thus, Plaintiff is entitled attorneys' fees for the necessary work performed in pursuit of the result he achieved.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant his counsel fees pursuant to 42 U.S.C. §1988 in a total amount of $57,097.00.

Respectfully Submitted,

/Torreya L. Hamilton
One of Plaintiff's Attorneys

Torreya L. Hamilton
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173

Thomas P. Needham
THE LAW OFFICE OF THOMAS P. NEEDHAM
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3171